UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH KREMSKY<br>22 Sienna Circle<br>Ivyland, PA 18974<br><br>         Plaintiff,<br><br>    v.<br><br>DELRAN BUILDERS COMPANY, INC.<br>d/b/a Delran Builders<br>7909 Flourtown Avenue<br>Wyndmoor, PA 19038<br>    and<br>BLUE BELL CONSTRUCTION, INC.<br>718 E. Willow Grove Avenue<br>Wyndmoor, PA 19118<br><br>         Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Kenneth Kremsky (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  Plaintiff initiates the instant action to redress violations by Delran Builders Company, Inc., d/b/a Delran Builders and Blue Bell Construction, Inc. (hereinafter collectively referred to as "Defendants" unless indicated otherwise) of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC"). Any claims under the PHRA would mirror his instant claims.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's forthcoming state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Delran Builders Company, Inc., d/b/a Delran Builders is a general contractor located at the above captioned address in Wyndmoor, PA.

9. "Delran Builders" is a registered fictitious business name which is also used by (and registered to) Defendant Blue Bell Construction, Inc.

10. Upon information and belief, because of their interrelation of operations, common management, and other factors, Defendants were sufficiently interrelated and integrated during Plaintiff's employment, such that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 53-year-old man who was employed by Defendants as a Director of Accounting.

14. In total, Plaintiff was employed for slightly in excess of six (6) years (from on or about July 29, 2019, through on or about September 19, 2025).

15. Some relevant management to whom Plaintiff reported prior to his termination included but was not limited to: (a) Mark McMahon ("McMahon" – Vice President); (b) Chris Chapman ("Chapman" – President); and indirectly to (c) John and Denise Quigg (owners who are husband and wife).

16. In mid-2024, Plaintiff was diagnosed with kidney cancer (Renal Cell Carcinoma, a/k/a "RCC").

17. As a result of Plaintiff's aforementioned disabilities, he was (at times) limited in his ability to perform proper kidney functioning.

18. Plaintiff has also suffered from other physical complications and various mental health problems.

19. As a result of Plaintiff's aforementioned disabilities, he was (at times) limited in his ability to perform some daily life activities, such as working, focusing and engaging in social interactions.

20. Despite his aforementioned disabilities, Plaintiff was able to perform his job duties well, however, he (at times) required some reasonable medical accommodations.

21. Since mid-2024, Plaintiff had been updating his management about his ongoing health, treatment, and need for medical care.

22. Plaintiff used periodic days off for medical care, flareups, fatigue or appointments (typically through paid time off – "PTO").

23. Periodic days off, paid or unpaid, are a well-established form of reasonable medical accommodation. *See e.g. Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 525 (E.D.N.Y. 2018) ("[T]he Court finds [plaintiff] to be qualified within the meaning of the ADA with the reasonable accommodation of intermittent leave."); *Hall v. Wash. Metro. Area Transit Auth.,* 2020 U.S. Dist. LEXIS 183477, *36 (D.D.C. 2020) (counting disability-related absences against plaintiff can constitute denial of a reasonable accommodation); *Westbrooks v. Baltimore Cty.*, 2019 U.S. Dist. LEXIS 140647, *34 (D. Md.

2019) (reasonable jury could conclude employer failed to consider reasonable accommodation of absenteeism for employee).

24. McMahon was extremely discriminatory towards Plaintiff. While not intending to be exhaustive, *some* examples include:

a) McMahon knew that Plaintiff suffered from aforesaid disabilities. Despite this, McMahon kept intentionally trying to startle Plaintiff towards the end of Plaintiff's employment, to humor himself at Plaintiff's disability related reaction (where sometimes Plaintiff would actually jump up). McMahon would exhibit frustration or annoyance at Plaintiff and then would insinuate that Plaintiff must have been doing something wrong based upon Plaintiff's reaction.

b) Within the months preceding Plaintiff's termination, McMahon confronted Plaintiff and stated that he thought that Plaintiff "yawn[s] too much." In making this observation, McMahon questioned whether Plaintiff was able to focus on work. Plaintiff perceived McMahon's concern as to whether Plaintiff was impacted by his health. Plaintiff complained to Chapman after such discriminatory statements and told Chapman that McMahon was perpetuating a hostile work environment. Chapman apologized for McMahon's behavior, but McMahon's behavior towards Plaintiff did not cease.

c) Within the months preceding Plaintiff's termination, McMahon asked Plaintiff if he was distracted. Plaintiff perceived McMahon's concern of Plaintiff's alleged distraction to be health related.

d) During calendar year 2025, McMahon treated Plaintiff in a very antagonistic manner, berated or yelled at Plaintiff without basis as if he was annoyed by Plaintiff's

presence. Plaintiff construed McMahon's contempt for Plaintiff to be related to Plaintiff's health and his perception that Plaintiff was not focusing enough at work due to his health (per McMahon's various statements).

25. In the few months prior to Plaintiff's termination (as discussed *infra*), Plaintiff emailed management that his health status was less than ideal and that he would be needing some accommodations of periodic days off for medical reasons.

26. Plaintiff underwent surgery in the fall of 2024 and missed several weeks (to remove part of his kidney), but Plaintiff's kidney functioning was still not under control. Thus, Plaintiff continued to have medical needs in 2025.

27. Plaintiff estimates having expressed concerns about mistreatment on account of his health in 2025 *at least four (4) times* in total.

28. Plaintiff complained at least twice in 2025 to McMahon, that he was causing Plaintiff to suffer exacerbated health issues when he would try to scare or startle the plaintiff intentionally.

29. In response, McMahon merely smirked or chuckled, instead of abating his abusive conduct.

30. Plaintiff had also mentioned on other occasions in 2025 that he felt treated differently or more abrasively since having health problems. No behavior changed, and Plaintiff was instead pretextually terminated (as discussed *infra*).

31. On or about September 19, 2025, Plaintiff was abruptly terminated by McMahon and Chapman.

32. When Plaintiff asked for details underlying why he was being terminated, Plaintiff was told that all they could say is it was allegedly a "business decision."

6

33. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation as a result of: (a) his disabilities; (b) his requests for accommodations for his disabilities; (c) his complaints of disability-based discrimination and harassment; and (d) Defendants' failure to properly accommodate his disabilities.

## Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Hostile Work Environment; and [4] Failure to Accommodate)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, including but not limited to proper kidney functioning, working, focusing and engaging in social interactions.

36. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable accommodations at times.

37. Plaintiff disclosed his disabilities to Defendants' management and requested reasonable accommodations from Defendants (*i.e.*, medical leave, which was fulfilled with Plaintiff's accrued PTO days).

38. Plaintiff was subjected to hostility and animosity by Defendants' management as a result of his disabilities and requested accommodations, through disparate and discriminatory treatment.

39. Plaintiff was abruptly terminated on or about September 19, 2025, following his requests for reasonable medical accommodations and complaints of disability discrimination (set forth *supra*).

7

40.　　Plaintiff believes and therefore avers that he was subjected to a hostile work environment and retaliation as a result of: (a) his actual/perceived/record of health conditions; (b) his requests for reasonable medical accommodations; and (c) Defendants' failure to properly accommodate him medical conditions (set forth *supra*).

41.　　Plaintiff further believes and therefore avers that his disabilities were motivating or determinative factors in the termination of his employment with Defendants.

42.　　These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.　　Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.　　Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.　　Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.　　Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.　　Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

    F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

        Respectfully submitted,

        **KARPF, KARPF, & CERUTTI, P.C.**

        _____
        Ari R. Karpf, Esquire (91538)
        8 Interplex Drive, Suite 210
        Feasterville-Trevose, PA 19053
        (215) 639-0801
        akarpf@karpf-law.com
        *Attorneys for Plaintiff*

Dated:   January 16, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kenneth Kremsky | : | CIVIL ACTION |
| v. | : | |
| Delran Builders Company, Inc. d/b/a Delran Builders, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 1/16/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
[X] 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [X] **does not** have implications beyond the parties before the court and ☐ **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KREMSKY, KENNETH

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
DELRAN BUILDERS COMPANY, INC. D/B/A DELRAN BUILDERS, ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** / **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/16/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____